QUESTION: Must a person who applies simultaneously for a Class "F" license as an "unarmed watchman, guard, or patrolman employee" of a security agency and for a Class "G" statewide gun permit under Ch. 493, F.S., as amended by Ch. 75-230, Laws of Florida, pay an application fee of $25 for the Class "G" application in addition to a license fee of $10 for the Class "F" license and a license fee of $25 for a Class "G" statewide gun permit?
SUMMARY: Pending further legislative or judicial clarification, under Ch. 493, F.S., as amended by Ch. 75-230, Laws of Florida, a security guard who applies simultaneously for a Class "F" license and a Class "G" statewide gun permit is required to pay license fees of $10 for the Class "F" license and $25 for the Class "G" gun permit but is not required to pay an application fee of $25. Chapter 493, F.S., regulates and provides for the licensing of private investigative and security agencies. It requires each partner or corporate officer of the agency to make a written application for a license, accompanied by an application fee of $25 which is nonrefundable. Section 493.03. In addition, each agency must pay a license fee (the amount of which varies as to the different types of agencies) at the time the license is issued. Section 493.06. Prior to 1975, the employees of security agencies or other security personnel were not required to be licensed. By Ch. 75-230, Laws of Florida, the Legislature amended Ch. 493, F.S., to require the licensing of an "unarmed watchman, guard, or patrolman employee" and, also, to provide a procedure for the issuance of an annual statewide gun permit to licensed security personnel who meet the criteria specified in the act. As originally introduced in the 1975 session by the Committee on Judiciary-Criminal as SB 245, the statewide gun permit was to be issued by the department to licensees under the act without the payment of an additional fee; and only one additional license classification (Class "F" license for a "watchman, guard, or patrolman employee — $10") was added to s. 493.06, F.S. 1973. The new Class "F" licensees were specifically exempt from the $25 application fee required by s. 493.03 by an amendment thereto made by the 1975 act. As finally introduced, CS/SB 245 required the payment of a $25 fee for a "statewide gun permit" and classified the permit as a Class "G" license under s. 493.06. But the remaining provisions of the act as originally introduced — referring to the statewide gun "permit" — were not amended; and, except in a few instances, the act as finally adopted continues to refer to the Class "G" license as a gun permit which must be obtained by individuals licensed under the other provisions of the statute before they may carry a gun. Thus, it could be inferred that the failure to provide specifically that an applicant for a statewide gun permit should be exempt from the payment of the application fee was because the Legislature considered the Class "G" license to be, in fact, merely a permit, the requirement for which was superimposed upon the requirements for licensing under the other provisions of the act for which no additional application fee (as distinguished from the $25 license fee) should be required. And, insofar as applicants for Class "F" licenses are concerned, I am advised by the chairman of the committee that, in all the deliberations concerning the proposed enactment, it was represented that the total fee to be paid by armed security guards under the act, as amended, would be $35: $10 for a Class "F" license and $25 for a statewide gun permit; this was the legislative intent. While this statement of intent would not, of course, be determinative of the question here presented in the face of clear and unambiguous statutory language to the contrary, it is proper to consider it in resolving the ambiguities in the act as finally adopted. Cf. AGO 073-330A, in which ambiguities in the 1973 county officers' salary act were resolved "in accordance with the legislative intent as shown by the legislative debates and reports." Such an interpretation is, however, in accord with the other provisions of the statute referring to the issuance of gun permits to licensees under the act referred to above; and it is consistent with the provisions relating especially to the issuance of a gun permit to "security personnel." See s. 493.21(4)(b), F.S., providing that: The department shall issue a Class "G" statewide permit to security personnel upon receiving proof from the employer that the applicant meets the criteria as set forth herein, and said permit shall remain in effect during the period the applicant is employed. It shall be the responsibility of the employer to immediately notify the Department of State of the employee's termination of employment at which time the department shall revoke said permit. (Emphasis supplied.) While the department is required by s. 493.07, F.S., "prior to the issuance of permits" (Emphasis supplied.) to armed watchmen, guards, and patrolmen, to make a routine check of fingerprints and police records, and investigate the general fitness of the applicant to carry a gun, it would seem that the cost of such an investigation in connection with the proof submitted by the employer would be minimal, in comparison with the cost of a full-scale investigation of an applicant required to be made by the department prior to issuing a license under the act. Moreover, to hold that Class "F" security personnel must pay an additional $25 application fee to obtain a gun permit would be inconsistent with the expressed legislative intent that such a licensee should be exempt from the $25 application fee. Section 493.03, supra. On the other hand, a legislative intent that Class "F" licensees should not be required to pay a $25 application fee for a gun permit is consistent with the requirement that applicants for Class "F" and "G" licenses must pay the license fee at the time they make their applications; whereas, applicants for all other licenses must pay an application fee at the time of the application and a license fee at the time the license is issued. Section 493.06(2), F.S. In these circumstances, and pending further legislative or judicial clarification, your question is answered in the negative.